# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

EMMA COX                                                                                  PLAINTIFF

V.                                              CIVIL ACTION NO.: 4:06CV102-SA-EMB

MISSISSIPPI DEPARTMENT                                        DEFENDANT
OF CORRECTIONS

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

This cause comes on for consideration upon Defendant's Motion to Dismiss or, in the Alternative, Summary Judgment. Because the Court has not considered matters outside the pleadings, Defendant's Motion is analyzed under the Motion to Dismiss standard. This Court, having reviewed the same, is of the following opinion:

*A. Facts and Procedural History*

The Plaintiff, acting pro se, previously filed a suit styled <u>Emma Cox v. Mississippi Department of Corrections</u> (Cox I), Civil Action Number 4:05CV218 on September 9, 2005. In Cox I, the Plaintiff sought damages for an alleged violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621, *et seq*. After finding that Plaintiff's claims were barred by Eleventh Amendment sovereign immunity, this case was dismissed by the Court on January 5, 2007.

Prior to the Cox I dismissal, Plaintiff filed a second suit (Cox II), Civil Action Number 4:06CV102 on June 12, 2006, arising out of the same facts pursuant to Title I of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12102, *et seq*. Defendant asserts that it is entitled to immunity under the Eleventh Amendment, that the action is barred by the doctrine of res judicata,

and that the Plaintiff has failed to state a claim upon which relief is granted.

## B. *Standard of Review*

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981). Dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. Clark, 794 F.2d at 970; Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 762 (5th Cir. 1984).

"To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." Clark, 794 F.2d at 970; see also Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988); United States v. Uvalde Consol. Indep. Sch. Dist., 625 F.2d 547, 549 (5th Cir. 1980), cert. denied, 451 U.S. 1002, 68 L. Ed. 2d 858, 101 S. Ct. 2341 (1981). Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. Smith, 897 F.2d 154, 156 (5th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see Mahone, 836 F.2d at 926; McLean v. International Harvester, 817 F.2d 1214, 1217 n.3 (5th Cir. 1987); Jones v. United States, 729 F.2d 326, 330 (5th Cir. 1984).

While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. Clark, 794 F.2d at 970; Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied,

459 U.S. 1105, 103 S. Ct. 729, 74 L. Ed. 2d 953 (1983).

## C. Discussion and Analysis

1. Sovereign Immunity

Sovereign immunity is specifically intended to protect states from suit; however, a state need not be a named party for the Eleventh Amendment to apply. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir.2002). Rather, immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." Id. The Mississippi Department of Corrections (MDOC) is considered an arm of the state by state statute. Miss. Code Ann. § 47-5-1, *et. seq*; see also Scott v. MDOC, 2006 WL 1666257, at *2 (S.D. Miss. June 12, 2006) ("The MDOC is an agency of the State of Mississippi as created by the statutes thereof . . . .").

Generally, the Eleventh Amendment bars an individual from bringing suit in federal court against a state unless the state consents, or Congress has clearly abrogated immunity pursuant to a validly exercised power. Perez , 307 F.3d at 326. In Board of Trustees v. Garrett, the Supreme Court held that the Eleventh Amendment bars federal employment discrimination suits against a state based on disability, as authorized by Title I of the Americans with Disabilities Act. 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). More specifically, the Court held that Section 5 of the Fourteenth Amendment does not give Congress the power to enforce the Equal Protection Clause by authorizing federal employment discrimination suits against states based purely on disability. Id. at 369, 121 S. Ct. 955. The Court concluded that Congress had exceeded its powers under Section 5 of the Fourteenth Amendment in attempting to abrogate the states' Eleventh Amendment immunity under the ADA. Id. at 374, 121 S. Ct. 955. Therefore,

the states' sovereign immunity to claims under the ADA was preserved. Id., 121 S. Ct. 955.

Garrett arose in the specific context of Title I of the ADA. Similarly, Plaintiff's claim also was brought under Title I of the ADA. Therefore, Defendant MDOC has Eleventh Amendment immunity from ADA discrimination suits. Accordingly, Plaintiff's Title I claim is barred. However, even if the MDOC was not immune from an ADA action, the Court finds that Plaintiff's claim is barred by res judicata as the present claim is the same as the prior action and that case was resolved on the merits.

2. Res Judicata

As noted above, in addition to Plaintiff's claim being barred by sovereign immunity, Plaintiff's claim also is barred under the doctrine of res judicata. Res judicata bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979); see also Goldberg v. R.J. Longo Constr. Co., 54 F.3d 243, 246 (5th Cir. 1995) (res judicata bars claims that were or could have been raised in prior actions).

In the Fifth Circuit, res judicata bars a claim if: (1) the parties are the same in both actions; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) the final judgment was final on the merits; and (4) the same cause of action must be involved in both cases." Eubanks v. FDIC, 977 F.2d 166, 169 (5th Cir. 1992). In the instant case, all factors of

res judicata have been satisfied. The first element is met because Cox was the Plaintiff and MDOC was the named Defendant in both cases. The second element is met because the U.S. District Court for the Northern District of Mississippi, a court of competent jurisdiction to hear ADEA claims, entered judgment against the Plaintiff in Cox I. The third element is met because the court dismissed Cox I upon a finding that MDOC was entitled to sovereign immunity. With regard to the final element, that the "same cause of action must be involved in both cases," the Court concludes that although Cox I asserted a claim under the ADEA and Cox II asserts a claim under the ADA, the nucleus of facts among both cases are identical. Russell v. SunAmerica Securities, Inc., 962 F.2d 1169, 1173 (5th Cir. 1992); see also Citibank, N.A. v. Data Lease Finan. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). Both lawsuits arose out of Cox's termination by MDOC. Because Plaintiff's ADA claim could have been raised in her earlier lawsuit, she now is precluded from raising those claims here. Goldberg, 54 F.3d at 246.

*D. Conclusion*

The Court finds that the Defendant is entitled to sovereign immunity, and therefore, dismissal is warranted. The Plaintiff's action also is barred by the doctrine of res judicata. For these reasons, the Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment is GRANTED. Further, the case is DISMISSED.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of June 2008.

                                       **/s/ Sharion Aycock**
                                       **UNITED STATES DISTRICT JUDGE**